# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

REILLY JOHNSON,

      Petitioner - Appellant,

v.

NM CORRECTIONS DEPT;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO; JOHN
THOMAS, Warden for the New Mexico
State Penitentiary,

      Respondents - Appellees.

No. 97-2177

ORDER

Filed May 1, 2006

Before **ANDERSON, HENRY,** and **BRISCOE,** Circuit Judges.

Appellant's motion to correct order and judgment is granted. The first sentence of the second full paragraph will now read: Petitioner Reilly Johnson, appearing pro se, asks us to grant him a certificate of appealability to appeal the district court's denial of his habeas petition under 28 U.S.C. § 2254.

Entered for the Court
PATRICK FISHER, Clerk of Court

by:
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

REILLY JOHNSON,

    Petitioner-Appellant,

v.

NM CORRECTIONS DEPT.;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO; JOHN
THOMAS, Warden for the New
Mexico State Penitentiary,

    Respondents-Appellees.

No. 97-2177
(D.C. No. CIV-93-844)
(D. N.M.)

ORDER AND JUDGMENT*

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Reilly Johnson, a federal inmate appearing pro se, asks us to grant him a certificate of appealability to appeal the district court's denial of his habeas petition under 28 U.S.C. § 2254. This court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Johnson challenges the state's forfeiture of his accrued good-time credits, contending he was denied his due process rights.

Johnson was convicted of first degree murder in 1982 and was sentenced to a term of life imprisonment. He earned good-time credits which would advance his parole eligibility date but, in 1986, a state attorney general opinion determined that all prisoners serving determinate life sentences were not eligible for good-time credits and Johnson's credits were revoked.

Johnson contends revocation of his good-time credits violated the Ex Post Facto Clause. As the district court determined, this issue is controlled by Stephens v. Thomas, 19 F.3d 498 (10th Cir. 1994). A law violates the Ex Post Facto Clause when it punishes behavior that was not punishable at the time it was committed or increases punishment beyond the level imposed at the time it was committed. The Ex Post Facto Clause does not prohibit the correction of the misapplication of an existing law which disadvantages one in reliance on its continued misapplication. Id. at 500.

Johnson also contends his due process rights were violated. A state inmate's due process rights are implicated only when a state's actions impinge on a protected liberty interest. Id. at 501. Since Johnson was not entitled to the good-time credits, his due process rights were not violated.

We DENY the certificate of appealability and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge